ROSCOE–AJAX CONSTRUCTION COMPANY, Inc., and Knickerbocker Construction Corporation, Plaintiffs,

v.

COLUMBIA ACOUSTICS AND FIRE-PROOFING COMPANY and L. D. Reeder Company of Portland (Inc.), Defendants.

United States District Court
S. D. New York.
Feb. 15, 1966.

M. Carl Levine, Morgulas & Foreman, New York City, for plaintiffs.

Raines & Gutman, New York City, for defendant Columbia Acoustics & Fireproofing Co.

BONSAL, District Judge.

Defendant Columbia Acoustics and Fireproofing Company (Columbia) moves to dismiss the action against it on the grounds that Columbia has not been properly served with process and that venue has been improperly laid. It is unnecessary to consider the venue issue since the court holds that it has no jurisdiction over Columbia.

This is a diversity action brought by plaintiffs Roscoe-Ajax Construction Company, Inc. and Knickerbocker Construction Corporation against Columbia and L. D. Reeder Company of Portland (Inc.) (Reeder). The complaint alleges that plaintiffs were contractors for the United States on a construction project in California. Plaintiffs' subcontractor,

L. D. Reeder Company of San Diego, purchased materials from Columbia, and Columbia has sued plaintiffs in the Federal District Court, Northern District of California, for amounts allegedly unpaid for these materials. Plaintiffs allege that the subcontractor and Reeder assigned certain accounts to Columbia as security for payment on these materials, and plaintiffs here seek to require Columbia to apply the proceeds of these accounts towards plaintiffs' liability to Columbia. Plaintiffs also seek damages allegedly resulting from a conspiracy between Columbia and Reeder to force plaintiffs to hire Reeder as a subcontractor after the original subcontractor had defaulted, with the result that plaintiffs were forced to pay money to Reeder for work which it never did.

Columbia contends that it has not been properly served with process, since Rule 4(f), F.R.Civ.P. (28 U.S.C.A.) requires that service be made " * * * within the territorial limits of the state in which the district court is held, * * *." Service on Columbia was made in Netcong, New Jersey. Plaintiffs argue, however, that Columbia has been properly served under that portion of Rule 4(f) which provides that " * * * persons who are brought in as parties pursuant to Rule 13(h) or Rule 14, or as additional parties to a pending action pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, * * *." Plaintiffs contend that Columbia is a necessary party under Rule 19, bringing it within the class of defendants which can be served under the "100 mile" provision of Rule 4(f).

Plaintiffs' contention cannot be sustained. Assuming Columbia is a necessary party, out of state service on a necessary party pursuant to the "100 mile" provision of Rule 4(f) is authorized only where the necessary party is brought in

as an *additional* party to a *pending* action. In this case, Columbia is one of two defendants named in the original action, and accordingly the "100 mile" rule does not apply. Plaintiffs were therefore required to serve Columbia within the territorial limits of the State of New York, and since this was not done, the service on Columbia is invalid. Columbia's motion to dismiss the action as against it is accordingly granted.

It is so ordered.